With the court's permission, I'd like to reserve two minutes for rebuttal. This case involves the meaning of prior conviction and current conviction in a regulation that determines a federal prisoner's eligibility for up to one year of a sentence reduction. Can I just ask you right away, is he being released or is he scheduled to be released tomorrow? Yes sir. Okay, does that, why does that not move the case? There's a line of cases from this court involving this exact statute that recognizes that sometimes the litigation doesn't complete by the time supervised release begins. And those cases hold, as we've cited in the custody section, that the availability of a sentence reduction under 3583e in the interest of justice can include consideration of whether they were... It's not a sentence reduction. What it is, is it's a reduction in his period of incarceration and that can't be changed at this point. And I thought you said in your reply brief that we can't change the start date of his supervised release. So that's why I was a little bit confused. That is correct. We earlier, in a decade ago, litigated arguing the day-for-day and we lost that in Johnson. But in Johnson, the Supreme Court case, they also held that equitable considerations of great weight are involved if there is an inability to get to what the statute refers to as a sentence reduction. I'd refer the court to Abbott at 771 F. 3rd, where the court said, we think it is legally permissible and serves the ends of justice and fairness for us to remand to the district court for it to consider in the first instance whether modification of Abbott's term of supervised release is now appropriate in light of the BOP's unlawful denial of eligibility for sentence reduction. So the remedy would be not to send it back to BOP to have them examine whether or not, you know, they were going to do a reduction? Because suppose we found that they applied the wrong standard in exercising their discretion, that there was a legal error. They had discretion they thought they didn't have. How do we then, what's the remedy for that error? There is a declaration by this court that it was an error about the eligibility. And this court held in a case called Court versus Crabtree and repeated in a case called Serato that the ability to get a sentence reduction consideration of eligibility is a interest that the court has does not hesitate to defend. And that's the reason why in almost every one of those cases that we cited in the history of the litigation under 3621 E, many, many of those individuals had already started their supervised release by the time the court got around to ruling on it. And for that reason, the remedy... But would the district court send it back to BOP to determine whether to shorten a period of incarceration that's already expired or to opine about a supervised release or would it not go back to them? It would not go back to them. It would go back to the district court to make that determination based on whether that as a factor in the interests of justice that would warrant a reduction in the sentence. And in the section on custody status on page 22 of the opening brief, we cite to Abbott, Reynolds, Arrington, and Gunderson, all exact statute and Arrington and Abbott involving this exact regulation that formulated a remedy in terms of the declaration that it was an unlawful execution of the sentence that the court, district court, can then consider as a factor in the interest of justice under 3583 E, which has its roots in the Supreme Court case of Johnson talking about the equitable considerations and also referring to 3583 E when there's been an over service or potential over service of the sentence. Which gets to the question of whether the plain meaning of the statute has been... Of the regulation has been violated here and under the... That's the first step of a three-step analysis that we provided to the court in our brief, which is first of all, what is the plain meaning of the regulation and does that resolve all questions? Second, what are the extra-textual considerations of the chronology of the term and the term of imprisonment? And the third is if the modification goes beyond what the regulation says, what is the effect of the... On the regulation of the term? Suppose that instead of being, you know, already at the end of the sentence or, you know, released from incarceration, suppose he was at the very beginning of the sentence and there was a, you know, here I think it was six months, but say it was even longer, one year period of supervised release concurrent and it was the same offenses. Would he be then in custody for the... For the gun charge then? Because he's still clearly in any sense he's serving a portion of his sentence is for that offense. I think the clear point of delineation is between serving a term of imprisonment and serving a term of supervised release because once the... But once the supervised release is revoked, it becomes a term of imprisonment and it is a term of imprisonment that is under the original criminal case and is part of the sentence for that case. Isn't that true? No, it is not part of the term of imprisonment. What is, if you... The § 183e refers to the... Refers to the service of part of the period of the term of supervised release in prison, but is distinct from the term of imprisonment initially entered. And that's exactly what Holloway and the two Johnson cases drew, drew that clear line. And McBill, from this court, made very clear that there's a difference between a sanction for a breach of trust and a term of imprisonment for the original conviction. And here we have a... The definition of a prior conviction. It's clearly set out in the language of statutes, 3583... 85C that uses the same type of definition as the dictionary, the act or process of finding someone guilty of a crime. And that's not what happens when there is a supervised release sanction. That's not finding somebody guilty of a crime. It's not a conviction. Therefore, it's the prior conviction, which is the same thing that any prosecutor would say if the person had a prior crime of violence or drug trafficking offense and was on supervised release, violated their supervised release, they would still be looking at that and say, that is a prior conviction under the statute on the armed criminal statute, the career offender statute, and any of the drug statutes. Those are still a prior conviction. And so when Mr. Moreno, in his pro se litigation about this is saying, I don't understand, how can you say that that is a not a prior conviction, it is a prior conviction, I've served the term of imprisonment. And that's solved the entire question. And as the court said, in in Boston, people are entitled to view written law and rely on it without worrying about extra textual considerations. But here, even the extra textual considerations fully support the Mr. Moreno, said you wanted to save some time for rebuttal. You have only a minute left on the clock. So maybe thank you, Your Honor. Okay. All right, then we'll hear from Miss Potter. You may proceed. You may proceed, Miss Potter. Apologies, Your Honor, it gave me a message to unmute, to push a button to unmute from Okay, I can hear you just fine now, so I think we're all set. So I'll start again, because I had started, but I'll start again. May it please the court, Amy Potter on behalf of the Warden at Sheridan. The question that the Bureau of Prisons has to answer any time an inmate shows up to begin a sentence for. And for Mr. Moreno, he was serving a sentence for two things. He was serving a sentence for a drug conviction, but he was also serving a sentence for his felon in possession conviction. And why does DOP decide that? Because this court and the Supreme Court have both said, when you're serving a supervised release violation, it is the original sentence that is being executed. So that original sentence, in this case, was the felon in possession. And so on day one, DOP determines that, and it aggregates the sentences. And why does it aggregate the sentences? Because Congress tells it, it has to aggregate the sentences. Well, but Congress says to aggregate them for administrative purposes. But it seems like what you're doing is you're pretending that he has, you know, this long sentence for the supervised release revocation, as if, as if it becomes the correct. He doesn't have, you know, whatever, a 60-month sentence based on supervised release. He's not serving a 60-month sentence for the 924C or 924G. Yes, Your Honor, the 922G, the felon in possession, he only had a six-month supervised release sanction. But the way that sentences are aggregated and the way Congress tells the Bureau of Prisons to do it is it treats the entire sentence as one sentence. So it doesn't matter which conviction is how long. And this would happen even if it wasn't, we weren't talking about a supervised release violation and a drug crime. You treat it administratively as one period of incarceration for purposes where you need to make adjustments about the period of incarceration. But where it is relevant, how much of the incarceration is due to which charge, which seems to be the case here, I don't read that statute as saying you can make an adjustment to a charge where that wouldn't have been a legally valid punishment. That is the way that BOT has interpreted that statute, and that is the way that it treats the statutes, or the sentences, administratively. It aggregates them all. It does not... So he has a 60-month or whatever, 66, what was the total sentence here? On the 924G? Yes, Your Honor. So he had a 60-month sentence on the drug crime and a concurrent 6-month sentence for a supervised release. So per BOP, they're looking at it, they see a total term of imprisonment of 60 months. He comes in and that term is treated as to both convictions. So even though one of them is only 6 months and one of them is 60, they... For the whole length of the time. So if he had a 6-month sentence on a supervised release and a life sentence on something else, you would treat the life sentence as attaching to the supervised release and the prior offense forever. That's my understanding, Your Honor. I haven't checked that hypothetical at the Bureau of Prisons, so I want to be clear, but it's my understanding they would treat him... So they wouldn't treat the supervised release as a life sentence. They would say, what is he currently serving sentences for? And they would list out all the convictions, all the underlying convictions. So he's serving that sentence for the rest of his life, even though it was a 6-month sentence. It's my understanding that they do not go back and redo that aggregation. That's correct, Your Honor. But this is one of the things that, unfortunately because we didn't participate in the litigation before, these are the kinds of hypotheticals we would have liked to have fleshed out throughout the litigation. It's my understanding they leave it as one sentence, yes. Do you agree that we have jurisdiction to decide whether the Bureau committed legal error in construing either the statute or its own regulation? I agree that the court has jurisdiction to review BOP's legal determinations. It's our position that BOP didn't need to make a legal interpretation because this is clearly decided. The requirement to aggregate, as well as how a supervised release revocation is defined, meaning that it's defined as the execution of the original sentence. However, if the court thinks that BOP had to do a legal analysis to reach that conclusion, then yes, this court has jurisdiction. BOP simply did what Congress mandated it to do. It aggregated the sentences. And when it looked at the supervised release term, it treated it, as this court and the Supreme Court has told it to do, as the execution of the original sentence. On these facts, then, Mr. Moreno was serving both a sentence for a new drug crime and a felon in possession crime. As a result, he was ineligible for RDAP early release. Unless the court has further questions. Thank you, Ms. Powell. Thank you, Ms. Powell. I think you have about a minute left, Mr. Shea. Thank you, Your Honor. I think the main point to be made is the argument we just heard was not talking about this regulation's terms. Prior conviction is the relevant term. Current conviction is the other term. In this context, when he is serving a sanction for a supervised release, that is not a conviction. His earlier conviction, as Judge Hagerty said in Lewis, is undeniably a prior conviction. His current conviction is one that involved no firearms, so he's eligible. He was eligible, and under the plain language of the statute, and in the full context of what's between term of imprisonment and term of supervised release, he was not serving a prior conviction. And the reliance on the aggregation statute has nothing to do with what a prior conviction is or a current conviction is. The word's referring to term of imprisonment, not to the term of supervised release under 3583E. Under those circumstances, especially in light of Rule 28J letter that we filed regarding the person can serve a full statutory maximum of the and still be on supervised release and do a punishment for breach of trust, but it is not resurrecting and turning it into a prior conviction, which is defined by statute, by common meaning, and by this court's... Thank you, Counsel. Your time has expired. Thank you, Your Honor. I thank both Counsel. The case just argued will be submitted.
judges: Bybee, Bastian, Collins